## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHOENIX INTERNATIONAL HOLDINGS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6046** |
| **ROBERT BJORKLUND** | **SECTION "A"(3)** |

## O R D E R

On this date, the undersigned Magistrate Judge conducted a hearing regarding plaintiff's Motion to Compel Physical Examination of Robert Bjorklund [Doc. #4]. Present were Thomas Rayer and Jonathan Shaver on behalf of plaintiff and Scott Silbert on behalf of defendant. Pursuant to the reasons dictated on the record and to those outlined below,

**IT IS ORDERED** that plaintiff's Motion to Compel Physical Examination of Robert Bjorklund [Doc. #4] is DENIED. In this declaratory action, plaintiff seeks to compel the physical examination of defendant before Dr. Kinnard, who has evaluated defendant before in connection with the alleged accident at issue here. After Dr. Kinnard – in sum – cleared defendant to return to work, defendant produced the report of a Dr. Meyer, who suggested further treatment for defendant, including a possible surgery. Plaintiff has also submitted an affidavit to this Court in which he

attests that his medical condition has not changed since his earlier treatment with Dr. Kinnard.

Federal Rule of Civil Procedure 35 provides, in pertinent part,

> [w]hen the mental or physical condition (including blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending *may* order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown....

Fed. R. Civ. P. 35(a) (emphasis added). The United States Supreme Court addressed the requirements of Rule 35 in *Schlagenhauf v. Holder*:

> Rule 35, therefore, requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of "in controversy" and "good cause," which requirements ... are necessarily related.... [These requirements] mean[ ] ... that the movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function mandated by the Rule.

379 U.S. 104, 118-19 (1964) (citations omitted); *see also Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir.1990) (quoting *Schlagenhauf*); *Brown v. Ringstad*, 142 F.R.D. 461, 463 (S.D. Iowa 1992) (good cause requirement). In *Schlagenhauf*, the Court stated that the "in controversy" and "good cause" requirements cannot be met by "mere conclusory allegations of the pleadings," nor by "mere relevance to the case." *Schlagenhauf*, 379 U.S. at 118-19. Rather, "the movant must show that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Id.*

While the movant has no absolute right to an examination by a particular physician of his or her choice, *Stinchcomb v. United States*, 132 F.R.D. 29, 30 (E.D. Penn. 1990), nor even to any

2

examination, in light of the Rule's discretionary terms, Fed. R. Civ. P. 35(a) (court "may" order examination), this Court is normally inclined to grant such an examination. However, this case presents the unusual circumstance of a party requesting re-examination by a physician who has already evaluated the injured party.

Although a close question, the Court finds that plaintiff – as of now – has not satisfied the requisite "good cause" standard for this Court to enter such an intrusive discovery order. As noted, "good cause" – in this context – "require[s] an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy . . . ." *Id.* at 118. Plaintiff has not met this standard. Plaintiff cites to its obligation to investigate a claim for maintenance and cure but to no law to support the proposition that such an obligation satisfies the good cause standard to compel a repeat physical examination without a showing of changed circumstances.

This Court does not dispute that defendant's physical condition is in dispute, *see* Fed. R. Civ. P. 35(a), but there is no indication – and plaintiff has cited this Court to no evidence – that defendant's medical condition has changed since Dr. Kinnard treated him last. There has not even been a showing that additional diagnostic testing has occurred (other than perhaps a routine physical by Dr. Meyer).[1] Because Dr. Kinnard has all of the relevant evidence before him of his treatment of plaintiff and because Dr. Kinnard has all of Dr. Meyer's reports before him, there is no need for Dr. Kinnard to physically evaluate defendant now. Dr. Kinnard may review his reports and those

---

[1] If additional diagnostic testing has occurred or will occur in the future by Dr. Meyer or any other physician, the results of such testing shall be delivered to Dr. Kinnard for review.

of Dr. Meyer and determine whether he remains convinced that his diagnosis was correct or whether he should adopt that of Dr. Meyer. Should plaintiff be able to show at some future date that – despite the affidavit of defendant – a medical change has occurred, plaintiff is then welcome to re-urge its motion.[2]

New Orleans, Louisiana, this 15th day of October, 2009.

*Daniel E. Knowles, III*

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff notes that defendant fell at his home on July 4, 2009. However, the evidence that plaintiff submitted with its motion reveals that Dr. Meyer's first evaluation of defendant occurred before June 30, 2009, or, *before* plaintiff allegedly fell. (Ex. H, Pl.'s Mem. Supp. Mot. Compel). Accordingly, this Court cannot say that the July 4 fall, in and of itself, constitutes a change in defendant's medical condition as it occurred after Dr. Meyer's first evaluation.

4